```
                    UNITED STATES DISTRICT COURT
                     WESTERN DISTRICT OF TEXAS
                          AUSTIN DIVISION
```

MATTHEW SCOTT JONES

    Plaintiff,

v.                                  Civil Action No. A10CA074 SS

LAW SCHOOL ADMISSIONS
COUNSEL,

    Defendant.

FILED JAN 2 8 2010 CLERK, U.S. DISTRICT COURT WESTERN DISTRICT OF TEXAS BY _____ DEPUTY CLERK

## ORIGINAL COMPLAINT FOR INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL

Plaintiff, Matthew Scott Jones ("Jones"), by the undersigned counsel, files his Original Complaint for Injunctive Relief and Demand for Jury Trial against Defendant, Law School Admissions Counsel ("LSAC") and respectfully states the following:

### NATURE OF THE ACTION

1. This is an action for permanent injunctive relief and for attorneys' fees and costs incurred in bringing this action based on Defendant's refusal to provide reasonable accommodations to Jones pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, et seq. Jones is an individual hoping to attend law school in Austin, Texas, and was scheduled to take the September 2009 Law School Admissions Test ("LSAT") in Austin, Texas. The LSAC has illegally refused and is illegally refusing to accommodate Jones' learning disability by refusing to provide Jones additional time to take the LSAT. Jones seeks a permanent injunction prohibiting the LSAC from continuing its violation of his ADA rights and compelling the LSAC to allow Jones to take the examination with appropriate accommodations. LSAC's actions are in violation of the ADA, including 42 U.S.C. § 12189.

## PARTIES

2. Jones, is an individual domiciled in Austin, Travis County, Texas. Jones, who has been diagnosed with a learning disability, intends to take the LSAT in Austin, Texas. Jones' learning disability impairs his reading ability and his ability to concentrate to the point that his competence level is below that expected in comparison to most people and is a disability within the meaning of the ADA. 42 USC §12102(2).

3. Defendant, LSAC, is a Delaware non-profit organization headquartered in Newtown, Pennsylvania. LSAC administers the LSAT, a half-day, standardized test, the successful completion of which is required for admission to all American Bar Association approved law schools. Additionally, the level of performance on the LSAT is a primary determinant of the quality of institution for which a candidate will be accepted. Defendant has previously administered and will administer the LSAT within the boundaries of this judicial district in February, June, September, and December 2010.

4. LSAC engages in business in Texas and this judicial district and this action arises from those business activities. LSAC, however, does not maintain a regular place of business in this state or this judicial district and does not have a designated agent for services of process in this state. Accordingly, under Texas Civil Practice and Remedies Code of 17.044(b), the Texas Secretary of State is a proper agent for service of process on LSAC. LSAC's principal place of business is 662 Penn Street, Newtown, Pennsylvania 18940 and its registered agent in its state of incorporation is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

## SUBJECT MATTER JURISDICTION AND VENUE

5. This action arises under the laws of the United States, specifically the ADA, and accordingly, this Court has jurisdiction pursuant to 28 U.S.C. §1331. This Court also has jurisdiction pursuant to 42 U.S.C. §12188(a)(1), which incorporates the provisions of 42 U.S.C. § 2000a-3(a), providing for civil actions in this Court by any person who is being subjected to discrimination on the basis of disability in violation of Title III of the ADA.

6. Venue is proper in this Court pursuant to 28 U.S.C. §1391, as the Defendant is doing business in this judicial district by virtue of administering the LSAT in this district, and is denying Jones the rights he is afforded under the ADA in this judicial district..

## FACTUAL ALLEGATIONS

7. Jones, is an individual domiciled in Austin, Travis County, Texas. As part of his preparation for application to law school, Jones is required to take the LSAT. He has applied for and been given a ticket to take the December 2009 exam, in Austin. Due to LSAC's violations of Jones' ADA rights, he has postponed taking the exam.

8. Although his learning disabilities were not formally diagnosed until 2009, Jones' learning disabilities date back to elementary school. Teachers throughout Jones' education recognized that Jones had difficulty finishing tests and in-class assignments  Specifically:

9. **ELEMENTARY SCHOOL:** Jones' third grade Instructional Resource Consulting teacher noted that he received accommodations, including additional time to complete assignments and tests, fewer problems per assignment, and less writing within assignments for all academic subjects. Once the accommodations were in place, he was successful in all of his classes. Jones' sixth grade teacher, Michelle Beck, noted Jones had "a great deal of inattentiveness displayed as well as poor organizational skills." She commented,

"His main weakness is that of inattentiveness, which I believe he cannot control." and that he should be tested for attention deficit disorder.

10. Jones was first officially evaluated by Memphis City Schools on May 7, 1991, while in the third grade. His scores showed the reading and writing skills being significantly below Full Scale IQ.

11. **MIDDLE SCHOOL:** Jones was officially evaluated a second time on April 24, 1994, while in the eighth grade. The scores indicated written language skills were still significantly below cognitive ability. A third evaluation was performed in February 1996. No official special education diagnosis was made at that time.

12. **HIGH SCHOOL:** Jones started high school in the advanced track of classes. However, because of his disability he was unable to excel in these classes and because of his grades was transferred to the standard track of classes. Jones attempted the ACT three times without accommodations. He was not able to finish the exam on any occasion. Due to his disability, Jones was allowed accommodations on the SAT.

13. Jones was evaluated at the Semmes-Murphey Clinic on June 23, 1998, between his sophomore and junior years of high school. During this evaluation a significant discrepancy was noted between Jones' verbal and performance scores.

14. Upon completion of his undergraduate studies, Jones moved to Austin, Texas to start a business. He is currently seeking admission to law school. Being aware of his disability, Jones has applied for accommodations from LSAC, including double time on the examination and that his account should not be flagged as "not taken under standard conditions."

15. To support his application for accommodations, Jones sought another professional evaluation of his learning difficulties. His primary physician has prescribed Adderall and Jones

underwent a complete neuropsychological examination at the Austin Psychology & Assessment Center. As a result of that evaluation, he was diagnosed with Attention-Deficit/Hyperactivity Disorder, Combined Type 314.01. This inability to concentrate and sustain his attention to tasks substantially limits Jones' reading and learning abilities and results in his being unable to perform adequately on timed examinations as most people would.

16. With this recent diagnosis, Jones sought formal accommodations in the form of additional time and no account notation of such accommodation to take the LSAT. Jones' request for additional time on the LSAT based on his disability was denied. Jones requested a reconsideration of the decision. Further negotiations have not reached a conclusion acceptable to both parties.

17. Individuals seeking admission to any American Bar Association approved law school are requested to take the LSAT as part of the application process. The level of performance on the LSAT is a primary determinant of the quality of institution for which a candidate will be accepted.

18. LSAC develops and administers the LSAT at various test sites and on various dates throughout the United States. The results of each person's scores are reported to the individual's indicated law schools to which he applied or will apply.

19. LSAC recognizes the right of disabled persons to accommodations by providing an application on which examinees can request test accommodations for the LSAT, including accommodations for learning disabilities like those suffered by Jones.

20. In July 2009, Jones made application to take the LSAT in September 2009. Jones also requested a test accommodation based on his disability. The request for accommodation was supported by the evaluation of Susannah More, Ph.D. and Mike Brooks, Ph.D..

21. In a letter dated July 31, 2009, the LSAC denied Jones' request for an accommodation for the LSAT claiming Jones had not demonstrated that he was "substantially limit[ed in] a major life activity". LSAC retained Jones registration on the LSAT for September 2009, but made no allowance to accommodate his disability. Prior to the LSAC's July 31, 2009 denial of Jones' request for accommodation, LSAC did not seek independently to examine Jones, nor did not meet or interview or otherwise independently evaluate Jones.

22. Jones was originally scheduled to take the LSAT without any accommodation in September 2009. In hope that the LSAC would reconsider his request he postponed taking the exam.

23. On August 25, 2009, Jones, acting through counsel, wrote to LSAC to request reconsideration of the denial of his accommodations request. Jones provided LSAC with additional information and evidence clarifying his prior disability diagnosis and his life-long difficulties with reading and learning.

24. LSAC has continually refused to grant Jones the accommodations he has requested, namely double the standard time on the examination and an agreement that his account will not be flagged as "not taken under standard conditions."

25. The facts establish that Jones has definite learning disabilities that substantially limit his major life activities of learning, reading and writing as compared to most people. Under the ADA, Jones is entitled to a reasonable accommodation of additional time to take the LSAT exam. Jones' refusal to provide Jones with an accommodation of extra time for the LSAT exam, despite knowing of Jones' documented learning disabilities that are protected under the ADA, is a violation of Jones' right under the ADA.

26.  Jones will be unable to begin his law school education in the same manner as his classmates if he does not successfully complete the LSAT. Moreover, he will be placed at a distinct disadvantage of competing for quality, limited positions at American Bar Association approved law schools if he must take the exam without accommodation for his disability. In the worst case scenario, Jones' legal career and dream could end if he is unable to show his knowledge and capabilities on the LSAT because the LSAC will not accommodate his disability as required by the ADA.

## COUNT I — VIOLATION OF THE ADA; REQUEST FOR INJUNCTIVE RELIEF: TESTING ACCOMODATIONS

27.  Jones incorporates by reference Paragraphs 1 through 26 as though fully set forth herein.

28.  Jones is an individual with a disability as defined by the ADA because he has a mental impairment that substantially limits one or more of his major life functions, namely, learning disabilities that substantially limit his major life functions of learning, reading, and writing. 42 U.S.C. §12102(2)(A).

29.  Title III of the ADA (46. U.S.C. § 12189) prohibits discrimination against persons with disabilities in professional examinations such as the LSAT as follows:

> Any person that offers examinations or courses related to applications, licensing, certification, or credentialing for secondary or post-secondary education, professional, or trade purposes shall offer such examinations or courses in a place and manner accessible to persons with disabilities or offer alternative accessible arrangements for such individuals.

30.  The LSAC is covered by the ADA pursuant to 42 U.S.C. §12189 in its capacity as the administrator of the LSAT.

31. Pursuant to 28 C.F.R. § 36.309(b), the LSAC must assure that any examination

> is selected and administered so as to best insure that, when the examination is administered to an individual with a disability that impairs sensory, manual or speaking skills, the examination results accurately reflect the individual's aptitude or achievement level or whatever other factors the examination purports to measure, other than reflecting the individual's impaired sensory, manual, or speaking skills.

One reasonable accommodation for a disabled person, such as Jones, that may be allowed under the ADA is lengthening the time permitted for completing the examination.

32. Jones has a learning disability that substantially limits his major life activities of learning, reading and writing. Jones' condition which has been diagnosed through testing, examination and evaluation by experts in this field constitutes a disability within the meaning of the ADA.

33. Under the ADA, a disability is defined, in part, as a physical or mental impairment that substantially limits one or more major life activities of an individual. 42 U.S.C. § 12102(2). Under the authority of 42 U.S.C. § 12134, the Department of Justice has promulgated regulations (28 CFR § 35.104) that include "learning" and "work" within the definition of major life activities. The major life activity of learning also includes "reading" and "writing" as activities protected by the ADA. The "substantially limited" standard for the major life activity of learning, reading, or writing, is established when "the individual's important life activities are restricted as to the condition, manner, or duration under which they can be performed in comparison to most people." 28 CFR, pt. 36, App. B.

34. As noted above, Jones has a learning disability that substantially impairs his ability to concentrate which affects his ability to read and process the written word. His disability precludes him from learning, reading and writing in the same manner and in the same

amount of time as most people. This learning disability substantially limits his activity of learning, reading, and writing, in comparison to most people and certainly in comparison to his peers, other law school applicants taking the LSAT.

35. Failure in the taking of the LSAT, necessarily precludes an individual from admission to American Bar Association approved law schools in the United States. The level of performance in the taking of the LSAT is a primary determinant of a candidate's school opportunities. Thus, Jones' entire future livelihood as a lawyer rests on this exam.

36. Jones made formal written request of Defendant for reasonable accommodation for his disability in connection with taking the LSAT, i.e., double time to take the exam, an accommodation LSAC has made to some people who have requested the accommodation. Such accommodations are consistent with the reasonable accommodations suggested by the neuropsychological professionals who actually evaluated Jones and the informal accommodations he received during early and undergraduate studies. The LSAC has granted similar accommodations to other candidates in the past taking the LSAT.

37. The LSAC's refusal to provide the reasonable test accommodations Jones requested for the LSAT constitutes an illegal failure to accommodate a disabled person in violation of the ADA.

38. Jones will be irreparably harmed if the LSAC continues its illegal refusal to provide him the reasonable test accommodation as requested and unless this Court grants injunctive relief prohibiting the continued violation of Jones' ADA rights and compelling the LSAC to provide the requested accommodation, in that (a) Jones' law school career will be placed on hold because taking the LSAT is a prerequisite to admission to law school education; (b) given his history with prior examinations, Jones is justifiably concerned that he will not be

Original Complaint and Demand for Jury Trial                                      Page 9
{2994\00\00142129.DOC / 1}

allowed to show his knowledge and capabilities without the additional extra time accommodation to which he is entitled under the ADA; (c) Jones' opportunity to engage in his career of choice is effectively on hold until the LSAC is compelled to comply with the ADA; (d) Jones will be unable to begin his law school career as planned with his peers who are also currently applying if he is unable to take the LSAT at this time; (e) requiring Jones to take the LSAT without accommodation puts him at distinct disadvantage given his disability; and (f) reduced performance on the LSAT as a result of not receiving accommodation significantly reduces Jones' future law school education and professional career options.

39. The LSAC will not be harmed if the Court grants the requested injunctive relief. Thus, the balancing of harm favors granting the requested injunctive relief.

40. The public interest will be served by granting the requested injunctive relief. The ADA was enacted as a matter of public policy to ensure that disabled persons are treated fairly and provided with equal opportunities to those persons in the community without disabilities. The public interest will not be served by allowing the LSAC to continue its unlawful refusal to provide Jones with the ADA accommodations to which he is justly entitled.

41. As a result of the LSAC's violation of the ADA, Jones has suffered or will suffer great injury, including, but not limited to, lost employment opportunities, out-of-pocket pecuniary losses, and severe emotional distress and anguish.

42. The LSAC in denying Jones' request for reasonable accommodation violated the ADA and has done so while acting maliciously or with reckless indifference for Jones' ADA rights.

43. Jones is entitled to and hereby requests that the Court enter a permanent injunction directing that the LSAC immediately cease and desist its refusal to accommodate

Jones' request for an accommodation on the LSAT and any future LSAC administered examinations to be taken by Jones and that the LSAC comply with the ADA by providing Jones' requested accommodation with regard to the LSAT and future LSAC administered examinations for which Jones is otherwise entitled to sit and for which he otherwise makes proper application.

## COUNT II - VIOLATION OF THE ADA; REQUEST FOR INJUNCTIVE RELIEF: FLAGGING OF ACCOUNT

44.     Jones incorporates by reference Paragraphs 1 through 43 as though fully set forth herein.

45.     Jones is an individual with a disability as defined by the ADA because he has a mental impairment that substantially limits one or more of his major life functions, namely, learning disabilities that substantially limit his major life functions of learning, reading, and writing.  42 U.S.C. §12102(2)(A).

46.     Title III of the ADA (46. U.S.C. § 12189) prohibits discrimination against persons with disabilities in professional examinations such as the LSAT as follows:

> Any person that offers examinations or courses related to applications, licensing, certification, or credentialing for secondary or post-secondary education, professional, or trade purposes shall offer such examinations or courses in a place and manner accessible to persons with disabilities or offer alternative accessible arrangements for such individuals.

47.     The LSAC is covered by the ADA pursuant to 42 U.S.C. §12189 in its capacity as the administrator of the LSAT.

48.     Pursuant to 28 C.F.R. § 36.309(b), the LSAC must assure that any examination

> is selected and administered so as to best insure that, when the examination is administered to an individual with a disability that impairs sensory, manual or speaking skills, the examination results accurately reflect the individual's aptitude or achievement level or

whatever other factors the examination purports to measure, other than reflecting the individual's impaired sensory, manual, or speaking skills.

One reasonable accommodation for a disabled person, such as Jones, that may be allowed under the ADA is not having his account flagged as "not taken under standard conditions." Such a notation on his account would "reflect the individual's impaired sensory, manual, or speaking skills" instead of accurately reflecting his "aptitude or achievement level or whatever other factors the examination purports to measure." There is no reason for such a flag or notation other than to illegally bring attention to his disability.

49. Jones has a learning disability that substantially limits his major life activities of learning, reading and writing. Jones' condition which has been diagnosed through testing, examination and evaluation by experts in this field constitutes a disability within the meaning of the ADA.

50. Under the ADA, a disability is defined, in part, as a physical or mental impairment that substantially limits one or more major life activities of an individual. 42 U.S.C. § 12102(2). Under the authority of 42 U.S.C. § 12134, the Department of Justice has promulgated regulations (28 CFR § 35.104) that include "learning" and "work" within the definition of major life activities. The major life activity of learning also includes "reading" and "writing" as activities protected by the ADA. The "substantially limited" standard for the major life activity of learning, reading, or writing, is established when "the individual's important life activities are restricted as to the condition, manner, or duration under which they can be performed in comparison to most people." 28 CFR, pt. 36, App. B.

51. As noted above, Jones has a learning disability that substantially impairs his ability to concentrate which affects his ability to read and process the written word. His

disability precludes him from learning, reading and writing in the same manner and in the same amount of time as most people. This learning disability substantially limits his activity of learning, reading, and writing, in comparison to most people and certainly in comparison to his peers, other law school applicants taking the LSAT.

52. Failure in the taking of the LSAT necessarily precludes an individual from admission to American Bar Association approved law schools in the United States. The level of performance in the taking of the LSAT is a primary determinant of a candidate's school opportunities. A flag or note on his account regarding the conditions the test was taken under does nothing but bring attention to Jones' disability, in violation of the ADA. Thus, Jones' entire future livelihood as a lawyer rests on this exam.

53. Jones made formal written request of Defendant for reasonable accommodation for his disability in connection with taking the LSAT, i.e., not including information or documentation relating to his request for and possible receipt of accommodations in the law school reports issued from his file. Such accommodations are consistent with the reasonable accommodations offered by other standardized test administrators, including those taken by Jones' in the past. The American College Testing Program ("ACT") announced on July 26, 2002, that effective September 2003 that it would discontinue flagging the scores of accommodated test-takers. Also, the College Board, administrators of the SAT examination, voluntarily stopped flagging accounts in October 2003.

54. The LSAC's refusal to provide the reasonable test accommodations Jones requested for the LSAT constitutes an illegal failure to accommodate a disabled person in violation of the ADA.

55. Jones will be irreparably harmed if the LSAC continues its illegal refusal to provide him the reasonable test accommodation as requested and unless this Court grants injunctive relief prohibiting the continued violation of Jones' ADA rights and compelling the LSAC to provide the requested accommodation, in that (a) Jones' law school career will be placed on hold because taking the LSAT is a prerequisite to admission to law school education; (b) given his history with prior examinations, Jones is justifiably concerned that he will not be allowed to show his knowledge and capabilities without the additional extra time accommodation to which he is entitled under the ADA; (c) Jones' opportunity to engage in his career of choice is effectively on hold until the LSAC is compelled to comply with the ADA; (d) Jones will be unable to begin his law school career as planned with his peers who are also currently applying if he is unable to take the LSAT at this time; (e) allowing Jones to take the LSAT with accommodation but flagging his account to those accommodations puts him at distinct disadvantage given his disability; and (f) a marked performance on the LSAT as a result of receiving accommodation flags or notations reduces Jones' future law school education and professional career options.

56. The LSAC will not be harmed if the Court grants the requested injunctive relief. Thus, the balancing of harm favors granting the requested injunctive relief.

57. The public interest will be served by granting the requested injunctive relief. The ADA was enacted as a matter of public policy to ensure that disabled persons are treated fairly and provided with equal opportunities to those persons in the community without disabilities. The public interest will not be served by allowing the LSAC to continue its unlawful refusal to provide Jones with the ADA accommodations to which he is justly entitled.

58.    As a result of the LSAC's violation of the ADA, Jones has suffered or will suffer great injury, including, but not limited to, lost employment opportunities, out-of-pocket pecuniary losses, and severe emotional distress and anguish.

59.    The LSAC in denying Jones' request for reasonable accommodation violated the ADA and has done so while acting maliciously or with reckless indifference for Jones' ADA rights.

60.    Jones is entitled to and hereby requests that the Court enter a permanent injunction directing that the LSAC immediately cease and desist its refusal to accommodate Jones' request for an accommodation on the LSAT and any future LSAC administered examinations to be taken by Jones and that the LSAC comply with the ADA by providing Jones' requested accommodation with regard to the LSAT and future LSAC administered examinations for which Jones is otherwise entitled to sit and for which he otherwise makes proper application.

## COUNT III - REQUEST FOR ATTORNEY'S FEES

61.    Jones incorporates by reference Paragraphs 1 through 60 as fully set forth herein.

62.    42 U.S.C. § 12188(a)(1), incorporates into Title III of the ADA the remedies and procedures set forth in 42 U.S.C. § 2000a-3(a) including the right to recovery of reasonable attorney's fees, and costs and expenses incurred in bringing this claim under the ADA. Jones is entitled to recovery and, hereby, does request recovery of all reasonable attorney's fees, costs, and expenses incurred in the bringing and prosecution of this action.

## JURY DEMAND

63.    Jones hereby demands a trial by jury for all issues in this case that may be triable by a jury of his peers.

WHEREFORE, PREMISES CONSIDERED, Jones requests that this Court grant judgment in his favor and against the Defendant as follows:

1. order Defendant to be cited and appear on the date and time affixed by this Court to show cause, if any there be, why judgment as prayed for above, should not be issued;

2. enter judgment in the form of a permanent injunctive order against Defendant directing LSAC to immediately cease and desist from its refusal to accommodate Jones' request for accommodation on the LSAT examination and any future LSAC administered examinations for which Jones is otherwise entitled to sit and for which he has made proper application and ordering LSAC to comply with the ADA by allowing Jones the requested accommodation of double the standard time to take the LSAT and any of the LSAC administered examinations and by not flagging or noting and information regarding Jones' request and/or receipt of accommodations on the LSAT and any future LSAC administered examination;

3. enter judgment against the Defendant awarding such compensatory damages as may be proven by Jones and to which he is entitled;

4. enter judgment against the Defendant awarding Jones recovery of his reasonable attorney's fees, costs and expenses incurred in bringing and prosecuting this litigation; and

5. awarding such other and further relief as may be appropriate, in law or in equity, to which Jones may otherwise by entitled.

Respectfully submitted,

Vincent E. Nowak, SBOT# 15121550
Robert R. Bell, SBOT#00787062
MULLIN HOARD & BROWN, LLP
500 S. Taylor, Suite 800
P. O. Box 31656
Amarillo, Texas  79120-1656
806.372.5050
806.372.5086 (Fax)

_____
Robert R. Bell

*Attorneys for Plaintiff*